```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------- X
JASON CLAUDIO, LEO GARRISON, and TYLER PERRY,   :
on behalf of themselves and all others similarly situated,   :
                                                             :  Case No. 23 Civ. 6711
                              Plaintiffs,                    :
          - against -                                        :
                                                             :  CLASS AND COLLECTIVE
YOUR WIRELESS, INC.,                                         :  ACTION COMPLAINT
                                                             :
                              Defendant.                     :
---------------------------------------------------------------------------- X
```

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Jason Claudio, Leo Garrison, and Tyler Perry ("Plaintiffs"), on behalf of themselves and all other similarly situated, by their attorneys, Shavitz Law Group, P.A. and Kessler Matura P.C., complaining of Defendant Your Wireless, Inc. ("Defendant") allege as follows:

## INTRODUCTION

1. Defendant does business as a Verizon Authorized Retailer branded as Your Wireless.

2. Defendant operates over 130 Your Wireless stores across 16 States.

3. Defendant touts itself as the largest minority-owned Verizon Authorized Retailer in the United States.

4. Defendant employs hourly-paid Store Managers and Assistant Store Managers ("Managers"), such as Plaintiffs, at their Your Wireless stores.

5. As part of their duties, Managers are required to perform the following forms of "Off-the-Clock Work":

    a. Managers are required to attend weekly conference calls which often last 30 minutes to an hour before their scheduled working hours. In some cases, these calls are scheduled on some Managers' days off, but they still must attend.

    b. Defendant requires Managers to report a one-hour lunch break each shift, even if they are unable to take that break or it gets cut short.

    c. Managers regularly receive phone calls and text messages outside of their scheduled hours. They are also required to participate in group messaging within their Districts.

6. Defendant, however, does not pay their Managers for the above-described work. As a result, Defendant's actions violate the overtime provisions of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 201, *et seq.*

7. To remedy these violations of the FLSA, Plaintiffs Garrison and Perry ("FLSA Plaintiffs") bring this action on behalf of themselves and all similarly situated current and former Managers employed by Defendant within the last three years preceding the filing of this Complaint who elect to opt-in to this action pursuant to the FLSA (the "FLSA Collective"). At the earliest time possible, Plaintiffs seeks permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to the proposed FLSA Collective members.

8. Defendant's failure to pay for all hours worked by Managers in the state of New York also violates the New York Labor Law ("NYLL" or "N.Y. Lab. Law"), Articles 6 & 19, and appropriate rules and regulations.

9. Further, this failure to record all working hours results in Defendant not reporting all working hours on their Managers' paystubs, in violation of Section 195(3) of the NYLL.

10. To remedy these violations of the NYLL, Plaintiff Claudio ("Class Representative") brings this action on behalf of himself and all similarly situated current and former Managers employed in New York by Defendant within the last six years preceding the

filing of this Complaint (the "NYLL Class"). At the earliest possible time, Plaintiffs seek class-action certification of the NYLL Class under Federal Rule of Civil Procedure 23.

## JURISDICTION & VENUE

11. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq*. and 28 U.S.C. § 1331.

12. This Court has jurisdiction over all NYLL law claims brought in this action pursuant to 28 U.S.C. § 1367.

13. This Court has jurisdiction over the FLSA claims of the out-of-state FLSA Collective members because, *inter alia*, Defendant is incorporated in and headquartered in New York.

14. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

15. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

*Plaintiff Jason Claudio*

16. Claudio is a resident of Suffolk County, New York.

17. Claudio worked for Defendant as a non-exempt, hourly-paid Store Manager from approximately March 2018 through December 2020.

18. Over the course of his employment, Defendant required Claudio to work at several Long Island stores, including: (1) a store located in East Northport that is no longer open; (2) the

Kings Park store located at 1 Main Street, Kings Park, NY 11754; and (3) the Northport store, located at 831 Fort Salonga Road, Northport, NY 11768

19. At all times relevant, Claudio was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

20. At all times relevant, Claudio was an "employee" within the meaning of N.Y. Lab. Law § 190(2).

21. At all times relevant, Claudio was an "employee" within the meaning of N.Y. Lab. Law § 651(5).

22. Throughout his employment as a Manager, Claudio regularly worked five days a week.

23. As a Manager, Claudio generally worked from store opening to store closing, from about 9:30 am to 7:00 pm, plus several hours of Off-the-Clock Work each week.

24. Claudio was not paid for the time spent performing Off-the-Clock Work.

25. As a result, Claudio regularly worked overtime and non-overtime hours that were not paid.

*Plaintiff Garrison*

26. Garrison is a resident of New Orleans, Louisiana.

27. Garrison worked for Defendant as a non-exempt, hourly-paid Store Manager from approximately April 2021 through March 2022.

28. Over the course of his employment, Garrison worked at the Metairie and Chalmette stores.

29. The Metairie store is located at 1021 Veterans Memorial Blvd., Ste. A, Metairie, LA 70005.

30. The Chalmette store is located at 8109 W. Judge Perez Hwy., Ste. D, Chalmette, LA 70043.

31. At all times relevant, Garrison was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

32. Throughout his employment as a Manager, Garrison regularly worked six days a week.

33. Garrison generally worked from store opening to store closing, from about 9:00 am to 7:30 pm, plus several hours of Off-the-Clock Work each week.

34. Garrison was not paid for the time spent performing Off-the-Clock Work.

35. As a result, Garrison regularly worked overtime hours that were not paid.

*Plaintiff Taylor Perry*

36. Perry is a resident of Connecticut.

37. Perry worked for Defendant as a non-exempt, hourly-paid Store Manager from approximately August 2020 through January 2022.

38. Over the course of her employment, Perry worked at the Clinton store.

39. The Clinton store is located at 203 E. Main St., Clinton, CT 06413.

40. On occasion, Defendant required Perry to cover shifts at or otherwise work from the Madison store, located at 28 Durham Road, Madison, CT 06443

41. At all times relevant, Perry was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

42. Throughout her employment, on average, Perry regularly worked six days a week.

43. There were stretches during her employment, where Perry was regularly working seven days a week because she was the only full-time employee able to work at her store. This occurred in August and September 2021 and again in late-November through December 2021.

44. Perry generally worked from store opening to store closing, from about 9:30 am to 7:30 pm twice a week, and from about 11:30 am to 7:30 pm four days a week, plus several hours Off-the-Clock Work each week.

45. Perry was not paid for the time spent performing Off-the-Clock Work.

46. As a result, Perry regularly worked overtime hours that were not paid.

***Defendant Your Wireless, Inc.***

47. Your Wireless, Inc. is a domestic corporation.

48. Your Wireless, Inc. is headquartered in Westbury, New York.

49. Your Wireless, Inc. lists its principal executive office address as 1250 Shames Drive, Westbury, NY 11590 with the New York State Department of State ("NYSDOS").

50. Although Your Wireless, Inc.'s locations are independently incorporated, they are centrally controlled by Defendant.

51. Defendant's Managers report to supervisors, referred to a "District Managers," that are responsible for overseeing several stores in a geographical region.

52. Defendant is owned and operated by business partners Henry Castiñeiras and Harpreet Katari.

53. Castiñeiras holds himself out as the COO and an owner of the Your Wireless branded stores.

54. Your Wireless, Inc. lists Kataris as the CEO with the NYSDOS.

55. Katari holds himself out as the CEO and an owner of Your Wireless.

56. Katari holds himself out as the President of Your Wireless.

57. Castiñeiras or Katari regularly participate in the weekly calls with Managers.

58. The requirement that Managers participate on the weekly calls is a directive from Your Wireless, Inc.

59. Managers from all the regions participate in these calls.

60. At all times relevant, Your Wireless, Inc. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

61. At all times relevant, Your Wireless, Inc. was an "employer" within the meaning of N.Y. Lab. Law § 190(3).

62. At all times relevant, Your Wireless, Inc. was an "employer" within the meaning of N.Y. Lab. Law § 651(6).

63. At all times hereinafter mentioned, the activities of Your Wireless, Inc. constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

64. Upon information and belief, Your Wireless, Inc. maintained control, oversight, and direction over its operations and employment practices.

65. At all times hereinafter mentioned, Your Wireless, Inc. employed employees, including Plaintiffs, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

66. Upon information and belief, at all times relevant, Your Wireless, Inc.'s annual gross volume of business was not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## **FACTS**

67. Managers, including Plaintiffs, are scheduled to work up to and over 40 hours per week.

68. Managers generally work about six days a week from open to close.

69. Your Wireless stores, depending on the location, are open about eight to 10 hours a day.

70. Defendant pays Managers by the hour.

71. Defendant, however, does not pay Managers for all the work they actually perform.

72. This is a result of Managers working while they are not clocked into Defendant's timekeeping system.

73. First, this Off-the-Clock Work includes the time spent on weekly conference calls.

74. The call generally occurs before the stores are scheduled to open. As a result, Managers are not on the clock during these calls.

75. These calls are mandatory for Managers.

76. In or about January or February 2021, while still employed as a Sales Representative, Garrison asked his district manager, Vinny Russo, whether he could get paid for these pre-shift conference calls. His district manager informed him that the calls were mandatory, companywide, and unpaid.

77. Second, Managers are required to respond to group chats and phone calls on their days off and outside of their scheduled hours.

78. Managers are required to monitor and respond to district-wide group chat, regardless of whether they were on or off the clock.

79. Managers regularly receive work-related phone calls from customers, supervisors, and subordinates at all times of the day throughout the week.

80. Lastly, Defendant requires Managers to record a one-hour lunch break each shift.

81. Due to the demands of the position and understaffing, Managers regularly work through their entire lunch break or take only a few minutes to eat before returning to work.

82. Regardless of whether Managers take a full meal break, Defendant does not pay them for this time.

83. As a result, Managers are not paid for up to an hour each day when they did not take a full meal break.

84. Defendant also fails to report the time spent performing Off-the-Clock Hours on the NYLL Class's paystubs.

85. Defendant's failure to report the NYLL Class's actual hours worked on their paystubs facilitates their unlawful overtime policy.

**FLSA COLLECTIVE ACTION CLAIMS**

86. Upon information and belief, there are more than 200 members of the putative FLSA Collective.

87. FLSA Plaintiffs bring the First Cause of Action under the FLSA on behalf of themselves and all members of the FLSA Collective who opt-in to this action.

88. Defendant was or should have been aware that the FLSA prohibited them from requiring their employees to work overtime hours without pay.

89. Upon information and belief, Defendant applied the same policies and practices to its Managers throughout all of its stores.

90. The FLSA Collective is readily identifiable and locatable through use of the Defendant's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS

91. The Class Representative brings the Second, Third, and Fourth Causes of Action on his own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b) referred to in this Complaint as the NYLL Class.

92. The persons in the NYLL Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendant, there are approximately more than 300 members of the NYLL Class.

93. There are questions of law and fact common to the NYLL Class that predominate over any questions solely affecting individual members of the NYLL Class, including:

    a. Whether Defendant unlawfully failed to pay the Class Representative and the NYLL Class overtime wages;

    b. Whether Defendant unlawfully failed to pay the Class Representative and the NYLL Class non-overtime;

    c. Whether Defendant's failure to pay the Class Representative and the NYLL Class for all hours worked was based on a reasonable and good-faith belief that its wage-payment practices complied with the NYLL;

    d. Whether Defendant failed to report all working hours on paystubs of the Class Representatives and the NYLL Class;

  e. The proper measure of damages sustained by the Class Representative and the New York Class; and,

  f. Whether Defendant should be enjoined from such violations in the future.

94. The Class Representative will fairly and adequately protect the interests of the NYLL Class and have no interests antagonistic to the class. Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

95. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

96. The Class Representative and the NYLL Class have been equally affected by Defendant's wage-payment policies. Moreover, members of the NYLL Class are still employed by Defendant and may be reluctant to raise individual claims for fear of retaliation.

97. Defendant acted or refused to act on grounds generally applicable to the NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

98. The Class Representative's claims are typical of those of the class. The Class Representative and the other NYLL Class members were subjected to Defendant's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay and record all hours worked. The job duties of the Class Representative are typical of those of the NYLL Class members.

99. The Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

**FIRST CAUSE OF ACTION**
**FLSA Act – Overtime Wages**
**(Brought on behalf of FLSA Plaintiffs the FLSA Collective)**

100. Plaintiffs incorporate by reference all preceding allegations.

101. Defendant engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

102. FLSA Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  *See* Ex. A (Consents).

103. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

104. Defendant failed to pay FLSA Plaintiffs and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

105. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.  Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of FLSA Plaintiffs and other similarly situated current and former employees.

106. Defendant was aware or should have been aware that FLSA Plaintiffs and the FLSA Collective were working off the clock without pay.

107. Defendant knew or should have known that it was required to pay its Managers for all hours worked.

108. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

109. As a result of Defendant's willful violations of the FLSA, FLSA Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

110. As a result of the unlawful acts of Defendant, FLSA Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Overtime
**(Brought on behalf of the Class Representative and the NYLL Class)**

111. Plaintiffs incorporate by reference all preceding allegations.

112. Defendant employed the Class Representative and the NYLL Class members for workweeks longer than 40 hours and failed to compensate them at a rate of at least one and one-half times their regular rate for all hours over 40, in violation of the requirements of the NYLL.

113. By the course of conduct set forth above, Defendant violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. § 142-2.2.

114. Defendant has a policy and practice of refusing to pay overtime compensation at the proper rate to the Class Representative and the NYLL Class members.

115. Defendant does not possess a reasonable, good-faith basis for believing that their failure to pay all overtime wages due complied with the NYLL.

116. As a result, the Class Representative and the NYLL Class members suffered damages and are owed back wages, liquidated damages, interest, and attorneys' fees and costs, as provided by the NYLL, in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### NYLL – Unpaid Non-Overtime Wages
#### (Brought on behalf of the Class Representative and the NYLL Class)

117. Plaintiffs incorporate by reference all preceding allegations.

118. The Class Representative and the NYLL Class members were entitled to their regular hourly wage for each hour they worked for Defendant up to and including 40 per week.

119. Defendant employed the Class Representative and the NYLL Class members and failed to compensate them at the regular hourly rate for the time spent performing Off-the-Clock Work, up to and including 40 hours per week, in violation of the requirements of the NYLL, specifically N.Y. Lab. Law § 661(3).

120. The complete records concerning the number of hours worked by the Class Representatives and the NYLL Class members as well as the compensation they received in workweeks in which unpaid hours were worked are in the exclusive possession and control of Defendant, and as such, Plaintiffs are unable to state at this time the exact amount due and owing to the Class Representative and the NYLL Class members.

121. By the course of conduct set forth above, Defendant violated N.Y. Lab. Law § 650, *et seq.*

122. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Class Representative and the NYLL Class members.

123. Defendant had a policy and practice of refusing to pay non-overtime compensation for all hours worked to the Class Representative and the NYLL Class members.

124. Defendant does not possess a reasonable, good-faith basis for believing that their failure to pay the Class Representative and the NYLL Class members for all non-overtime hours worked complied with the NYLL.

125. As a result, the Class Representative and the NYLL Class members suffered damages and are owed back wages, liquidated damages, interest, and attorneys' fees and costs, as provided by the NYLL, in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### NYLL – Notice and Record-Keeping Requirements
### (On behalf of the Class Representative and NYLL Class)

126. Plaintiffs incorporate by reference all preceding allegations.

127. Defendant failed to supply the Class Representative and NYLL Class members with accurate statements of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

128. Defendant's violations of N.Y. Lab. Law § 195, harmed the Class Representative and NYLL Class members by facilitating Defendant's unpaid wages policies.

129. Defendant's violations of N.Y. Lab. Law § 195, further resulted in an underreporting of the Class Representative and NYLL Class members' wages.

130. Due to Defendant's violations of N.Y. Lab. Law § 195, for each day that Defendant failed to provide a proper wage statement, the Class Representative and NYLL Class members are entitled to damages of $250, or a total of $5,000, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seeks the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice to the FLSA Collective, or that the Court issue such notice. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime wages under the FLSA and NYLL;

C. Unpaid non-overtime pay under the NYLL;

D. Statutory damages for failure to provide wage statements under the NYLL;

E. Liquidated damages;

F. Certification of this case as a class action pursuant to Rule 23;

G. Designation of FLSA Plaintiffs as representative of the FLSA Collective, Plaintiff Caludio as representative of the NYLL Class, and counsel of record as Class Counsel;

H. Pre-judgment interest and post-judgment interest as provided by law;

I. Appropriate equitable and injunctive relief to remedy violations;

J. Attorneys' fees and costs of the action;

K. Issuance of a declaratory judgment that the practices complained of in this action are unlawful under FLSA and NYLL;

L. Reasonable incentive awards for Plaintiffs to compensate them for the time THEY spent attempting to recover wages for the FLSA Collective and the NYLL Class and for the risks they took in doing so; and

M. Such other relief as this Court shall deem just and proper.

- 17 -

Dated: Melville, New York
September 8, 2023

Respectfully submitted,

s/ *Troy L. Kessler*
Troy L. Kessler
Garrett Kaske
**KESSLER MATURA, P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone:   (631) 499-9100
Facsimile:    (631) 499-9120
tkessler@kesslermatura.com
gkaske@kesslermatura.com

Camar R. Jones*
**SHAVITZ LAW GROUP, P.A.**
981 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone:   (561) 447-8888
Facsimile:    (561) 447-8831
cjones@shavitzlaw.com
*to apply for admission *pro hac vice*

*Attorneys for Plaintiffs and the Putative FLSA Collective and NYLL Class*

# Exhibit A

**CONSENT TO BECOME A PARTY-PLAINTIFF**

1. I consent to be a party plaintiff in a lawsuit against my former employer doing business as Your Wireless, and any related entities, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and any applicable state law.

2. During the past three years, there were occasions when I worked more than 40 hours in a week for Your Wireless, and I did not receive proper overtime compensation for all those hours.

3. I designate Plaintiffs' counsel, Kessler Matura P.C. and Shavitz Law Group, P.A., to represent me and make decisions on my behalf concerning the litigation, including any settlement. I agree to be bound by any adjudication, whether it is favorable or unfavorable.

4. I also consent to join any separate or subsequent action to assert my claims against Your Wireless or any related entities potentially liable.

Date: 09 / 05 / 2023

Signature

Leo Garrison
Print Name

Doc ID: 30b003b8fbcd6f6e9f9df1f9da58d6953363e0d7

| CONSENT TO BECOME A PARTY-PLAINTIFF |
|---|

1. I consent to be a party plaintiff in a lawsuit against my former employer doing business as Your Wireless, and any related entities, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and any applicable state law.

2. During the past three years, there were occasions when I worked more than 40 hours in a week for Your Wireless, and I did not receive proper overtime compensation for all those hours.

3. I designate Plaintiffs' counsel, Kessler Matura P.C. and Shavitz Law Group, P.A., to represent me and make decisions on my behalf concerning the litigation, including any settlement. I agree to be bound by any adjudication, whether it is favorable or unfavorable.

4. I also consent to join any separate or subsequent action to assert my claims against Your Wireless or any related entities potentially liable.

Date: 09 / 05 / 2023

_____
Signature

Taylor Perry
_____
Print Name